IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| ROBERT HILL, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| STATE OF GEORGIA, | : | CIVIL ACTION NO. |
| HALL COUNTY DETENTION | : | 2:10-CV-0242-RWS |
| CENTER, | : | |
|    Defendants. | : | |

**ORDER**

Plaintiff, Robert Hill, confined in the Hall County Detention Center in Gainesville, Georgia, previously was granted in forma pauperis status in this 42 U.S.C. § 1983 action. The matter is now before the Court on the complaint, as amended (Doc. Nos. 1, 14), for screening under 28 U.S.C. § 1915A, and on Plaintiff's motions for previously filed documents to be translated (Doc. No. 21), for issuance of summons (Doc. No. 23), and to evacuate Israel (Doc. No. 24).

**I.    28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who

is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). In determining frivolity, the court may "pierce the veil of the complaint's factual allegations" and is "not bound . . . to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citation omitted). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Id. at 33. A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and a complaint "'must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action'").

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton, 504 U.S. at 33 (discussing court's authority to disregard frivolous factual allegations).

2

Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). "Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education. Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion

3

thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. Discussion

In this action,[1] Plaintiff complains that (1) prison staff at the Hall County Detention Center failed to provide him copies of his legal paperwork and slid his paper work under his cell door as though it was trash and (2) he now sits in his cell with his "wrinkled/folded legal paperwork and no copies." (Doc. No. 1 and Attach.) Plaintiff states that he is from Israel and is in this country as a pilgrim and a foreigner under oppression (Doc. No. 1 at 1) and moves to impeach President Barack Obama and challenge the head of Israel (Doc. No. 14 at 1-2). Plaintiff states that although he is in prison, he is not guilty, and is "now well equipted [sic] and ready to serve his Father - the God of all the heavens and the earth. He is also zealous to serve his own country and lead his people . . . . [Plaintiff] has been tested and approved to proclaim the good

---

[1] Plaintiff's original complaint and initial amendment (Doc. Nos. 1, 14) are the operative pleadings in this action. The Court cautioned Plaintiff that his miscellaneous submissions and/or notices to the Court would not be construed to add any new or additional claims in this action and that if he wanted to amend he must amend, as instructed, on a form complaint, which the Court's Clerk provided to Plaintiff. (See Doc. No. 26 at 3-5.) Plaintiff has not attempted to amend as instructed.

4

tidings . . . ." Based thereon, Plaintiff requests that his motion to impeach the President and challenge the head of Israel be granted. (Id. at 3.)

The deprivation of materials necessary to filing or prosecuting a direct appeal or collateral attack on a criminal conviction may impinge on a prisoner's fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 350-55 (1996). In order to maintain a claim of denied access to the courts, a plaintiff must allege that he has suffered actual harm by showing that "an actionable claim . . . which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented" because of inadequate assistance with legal matters. Id. at 356. A plaintiff must show an "actual injury regarding prospective or existing litigation," such as "missing filing deadlines or being prevented from presenting claims," while "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." Wilson v. Blankenship, 163 F.3d 1284, 1290 & n.10 (11th Cir. 1998).

Here, Plaintiff does not show any actual injury to a non-frivolous case, and the failure to provide him copies of his legal papers does not offend the constitutional right of access to the courts or any other constitutional right. Further, Plaintiff's attempt to

5

impeach the President of the United States and challenge the head of Israel is hereby found to be frivolous.

### III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915A, this action is **DISMISSED**, for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's motions for previously filed documents to be translated (Doc. No. 21), for issuance of summons (Doc. No. 23), and to evacuate Israel (Doc. No. 24) are **DENIED** as moot.

**IT IS SO ORDERED**, this   2nd   day of May, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)